FILED

06/27/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0723

DA 16-0723

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 161N

KEVIN and HEIDI DETTMERING,

Plaintiffs and Appellees,

v.

JOHN E. and ANNE PASSARGE,

Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-12-1414(A)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Jenifer S. Reece, Reece Law, PLLC, Bozeman, Montana

For Appellees:

Paul A. Sandry, Johnson, Berg, & Saxby, PLLP, Kalispell, Montana

Submitted on Briefs:  June 7, 2017
Decided:  June 27, 2017

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John and Anne Passarge appeal the Eleventh Judicial District Court's order regarding an easement dispute with their neighbors, Kevin and Heidi Dettmering. We affirm.

¶3 The Passarges purchased their property outside of Columbia Falls, Montana, in 1994. The Dettmerings purchased their property—located kitty-corner from the Passarges' property—in 2002. Two easements that allow the Dettmerings to access their property encumber the Passarges' property.

¶4 In April 2006, the parties resolved by stipulation a previous lawsuit regarding various access issues. The stipulation provided that the Dettmerings would have the right to use and maintain the identified easements across the Passarges' property. The stipulation described the easements and provided that the Dettmerings had the right to construct a driveway within the easements that complied with Flathead County regulations. The Dettmerings constructed a new driveway in 2011 that did not comply with the County's regulations.

¶5 In 2012, the Dettmerings brought this action seeking a declaration that the Passarges were bound by the stipulation to not interfere with the Dettmerings' use of the easements.

2

The Passarges counterclaimed, asserting that the Dettmerings had overburdened the easements and that their use of the easements had caused unreasonable damage to the Passarges' property. The Passarges sought to have the easements terminated due to the alleged overburdening and further sought injunctive relief to prohibit the Dettmerings from using the easements in a manner that caused damage to the Passarges' property. The Passarges claimed to have suffered damages as a result of the Dettmerings' use of the easements.

¶6 The District Court held a two-day bench trial in June 2016. The court found that the Dettmerings' new driveway was within the scope of the easements described in the stipulation. The court found further that runoff from the Dettmerings' new driveway had interfered with the Passarges' use of their property but that "[n]o evidence was presented as to loss of use of this property." The court made the following conclusions:

- that the Passarges had satisfied their obligations under the stipulation's terms;

- that because the parties agreed to the easements in the stipulation, the court could not find that the servient estate was overburdened by the Dettmerings' use of the easements, and it was therefore not appropriate to extinguish the easements; and

- that the Dettmerings' new driveway had caused unreasonable damage to the Passarges' property.

The court ordered the Dettmerings to bring their driveway into compliance with Flathead County regulations within one year of the order "so as to minimize injury to the Passarges' property." Finally, the court concluded that neither party was entitled to money damages, attorneys' fees, or costs. The Passarges appeal.

3

¶7    The Passarges make a number of arguments on appeal regarding the District Court's finding that the Dettmerings' driveway was within the scope of the easements. The Passarges do not, however, challenge the District Court's refusal to extinguish the easements. Nor do they ask this Court to address the District Court's failure to enjoin the Dettmerings from using the easements in a manner that causes unreasonable damage to the Passarges' property. They instead ask this Court to find that the runoff caused by the Dettmerings' driveway overburdens the servient estate, and the only relief they seek is that we remand "to the district court for a determination of damages" stemming from the Dettmerings' use of the easements.

¶8    The District Court's order adequately addressed the Passarges' alleged damages caused by the Dettmerings' use of the easements. The court agreed that the "failure of the Dettmerings' third driveway to comply with Flathead County regulations has caused unnecessary injury through increased runoff and saturation of the Passarges' land." Nevertheless, the court found that "[n]o evidence was presented as to loss of use of this property"—a finding the Passarges do not challenge on appeal. The District Court determined:

> The Dettmerings have used their easement in a manner causing unreasonable damage to the Passarges' property through the construction of their third driveway. Within one year of this *Order* the Dettmerings must have brought their driveway into compliance with Flathead County regulations and obtain certification of such from Schwartz Architecture & Engineering, Inc., or another engineering firm mutually agreed to by the parties, consistent with the intention of the 2006 *Stipulation*, so as to minimize injury to the Passarges' property.

4

Based on the District Court's findings and conclusions regarding the damage caused to the Passarges' property by the Dettmerings' use of the easements, we conclude that the Passarges have not demonstrated that they are entitled to additional relief.

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the Passarges have not met their burden of persuasion that the District Court's ruling on their requested relief constituted reversible error. We affirm the District Court's order resolving the easement dispute.

/S/ BETH BAKER


We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA